UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>EDWARD ROBERT REZENDES | Case No. 19-CR-10452-NMG |

## GOVERNMENT'S SENTENCING RECOMMENDATION

Now comes the United States, by and through the undersigned Assistant United States Attorney, and notifies the Court that it intends to recommend a sentence of time served in the above-captioned matter, for reasons to be outlined at the sentencing hearing.  Though the Government objects to one aspect of the Guidelines Sentencing Range as calculated by the U.S. Probation Office ("Probation") for reasons enumerated below, the Government submits that regardless, in this case and given extraordinary present circumstances, a sentence of time served is reasonable and just and appropriately satisfies the sentencing objectives of 18 U.S.C. § 3553(a).

With respect to the Guidelines calculation, the government submits the following:

-   The Base Offense Level is 6, pursuant to USSG § 2B1.1(a)(2), because the offense of conviction has a statutory maximum of less than 20 years;

-   The Adjusted Offense Level is 8, as a Specific Offense Characteristic pursuant to USSG § 2B1.1(b)(3) should be applied, increasing the Offense Level by 2, because the offense involved a theft from the person of another; and

-   The Total Offense Level is 6, because with acceptance of responsibility pursuant to USSG § 3E1.1(a),  the offense level is reduced by 2.

This calculation is consistent – with one exception – with that included in Probation's Abbreviated Pre-Sentence Investigation Report.  The sole difference is that Probation did not

incorporate the two-level increase under USSC § 2B1.1(b)(3), which the government respectfully submits should apply.

Section 2B1.1(b)(3) of the Sentencing Guidelines provides for a two-level increase where "the offense involved a theft from the person of another." According to the relevant Guidelines Application Note, "theft from the person of another" is defined as "theft, without the use of force, of property that was being held by another person or was within arms' reach. USSG § 2B1.1(b)(3), App. Note. 1. In this case, the taking by the defendant involved property (the money) that was being held by another person (the bank teller). The Guidelines application notes include examples ranging from pick-pocketing to "theft of a purse from a shopping cart." *Id*. The conduct in this case falls somewhere in between.

At least one court has addressed this issue with a virtually identical set of facts and concluded that the taking of money from a bank teller qualifies for the two-level increase. *United States v. Jones*, 899 F.2d 1097, 1099-1100 (11th Cir. 1990). In *United States v. Jones*, the defendant entered a bank in Jacksonville, Florida, presented the teller with a demand note, and was handed $2,568 in cash. *Id*. at 1099. The Court held that, "[i]t is undisputed that Jones took the money from the bank teller's hands. The district court was therefore clearly correct in determining that Jones took the property from the person of another." *Id*. at 1099-1100.

Here, the defendant entered the TD Bank in Chelsea, Massachusetts, presented the teller with a demand note, and was handed $3,671 in cash by the teller. Under the explicit language of § 2B1.1(b)(3) and applying the analysis of *Jones*, the two-level increase should apply, and the resulting Total Offense Level should be 6. Consequently, with Criminal History Category V, the Guidelines Range should be 9 to 15 months, rather than 4 to 10.

In this case, the difference in Guidelines range presented by the inclusion or absence of the relevant Specific Offense Characteristic does not affect the government's bottom-line position as to recommended sentence.  As will be discussed further at the sentencing hearing, the government submits that a sentence of time served is reasonable and appropriate.

Respectfully Submitted,

ANDREW E. LELLING
United States Attorney

Date: June 18, 2020                  By:        */s/ Adam W. Deitch*
Adam W. Deitch
Assistant United States Attorney
United States Attorney's Office
One Courthouse Way
Boston, MA 02210
617-748-3123

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Adam W. Deitch*
Adam W. Deitch
Assistant United States Attorney

Dated:  June 18, 2020